**SIGNED THIS: November 27, 2007**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JACOB W. HUDSON, | ) | No. 06-81745 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| NELSON, KEYS & KEYS, P.C., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 07-8011 |
| | ) | |
| JACOB W. HUDSON, | ) | |
| Defendant. | ) | |

### O P I N I O N

This matter is before the Court on the Motion of the Plaintiff, Nelson, Keys & Keys, P.C. ("NK&K"), for Summary Judgment. The issue is whether attorney fees incurred in NK&K's representation of Shanae L. Ledbetter ("SHANAE") in a paternity/support proceeding, that the Debtor, Jacob W. Hudson ("JACOB"), was ordered to pay, are nondischargeable under Section 523(a)(5). For the following reasons, the Motion will be granted.

**FINDING OF FACT**

    1.      JACOB fathered a child by SHANAE in 2004.

    2.      JACOB and SHANAE were not married to each other.

    3.      A civil proceeding was commenced in the Rock Island County Circuit Court, Case No. 04-F-533, for the establishment of paternity, custody, visitation rights and support.

    4.      On September 25, 2006, the Honorable Walter D. Braud entered an order that acknowledged JACOB'S paternity, awarded custody of the child to SHANAE, set the rules for visitation and awarded support to SHANAE.

    5.      Specifically, the court ordered JACOB to pay child support to SHANAE of $80.00 per week from December 18, 2004 to February 16, 2006, and $120.00 per week from February 16, 2006, forward.

    6.      The court also ordered JACOB to "pay the sum of $3,000.00 toward SHANAE'S attorney's fees instanter, and judgment be and is hereby entered in favor of Nelson, Keys & Keys, P.C. and against Jacob W. Hudson for said sum of $3,000.00."

    7.      On October 20, 2006, JACOB and his wife filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

    8.      JACOB listed no priority claims on Schedule E. He listed Brett Nelson on Schedule F as holding a general unsecured claim for $3,000.00.

    9.      On January 20, 2007, NK&K commenced this adversary proceeding seeking a determination that JACOB'S obligation to pay the $3,000.00 in attorney fees is nondischargeable pursuant to Section 523(a)(5).

**ANALYSIS**

A discharge entered in a Chapter 7 case discharges the debtor from all prepetition debts, except as provided in Section 523. 11 U.S.C. § 727(b). The discharge does not discharge an individual debtor from any debt for a domestic support obligation. 11 U.S.C. § 523(a)(5). The term "domestic support obligation" includes a debt that is (1) owed to or recoverable by the parent of a child of the debtor, (2) in the nature of support of the child

or the child's parent, even if not expressly so designated, (3) established in a court order, and (4) not assigned to a governmental entity. See 11 U.S.C. § 101(14A). There is no question that the third and fourth criteria are satisfied as payment of the fees was ordered by the Rock Island Count Circuit Court and the debt has not been assigned to a governmental entity.

With regard to the first criterion, the fact that the order provides for JACOB to pay the fees directly to the law firm rather than to SHANAE is no impediment. Awards of attorney fees for services in obtaining support orders are held nondischargeable notwithstanding a provision for direct payment to the attorney so long as the payment is for the benefit of the obligor's spouse, former spouse, child or parent of such child. *In re Bearden,* 330 B.R. 214, 222-23 (Bankr.N.D.Ill. 2005). This principle reflects the reality that if the attorney's client paid the fees, the client would be permitted to obtain reimbursement from the obligor. The first criterion is met.

That leaves only the issue of whether the debt is in the nature of support of the child or the child's parent, SHANAE. It is federal bankruptcy law, not state law, that determines whether a debt is in the nature of alimony, maintenance or support. *In re Reines,* 142 F.3d 970, 972 (7th Cir. 1998). While state law may provide guidance, a debt may be in the "nature of support" under Section 523(a)(5) even though it would not legally qualify as support under state law. *In re Strickland,* 90 F.3d 444, 446 (11th Cir. 1996); *In re Yeates,* 807 F.2d 874 (10th Cir. 1986). Prior to the enactment of BAPCPA, most courts held that a court ordered obligation to pay attorney fees incurred by a child's parent in support litigation was nondischargeable under former Section 523(a)(5). *Macy v. Macy,* 114 F.3d 1 (1st Cir.

3

1997); *Matter of Hudson,* 107 F.3d 355 (5th Cir. 1997); *In re Foster,* 292 B.R. 221 (Bankr.M.D.Fla 2003). Although BAPCPA implemented the new term "domestic support obligation," that term was derived from the definition of a nondischargeable debt for alimony, maintenance and support contained in former Section 523(a)(5), and the case law construing that section is a relevant and persuasive aid in construing the term "domestic support obligation" set forth in Section 101(14A). *In re Lepley,* 2007 WL 2669128 (Bankr.W.D.Mo.).

Generally, fees incurred on behalf of a child are nondischargeable because they are deemed to be support when those fees are "inextricably intertwined with proceedings affecting the welfare of a child." *In re Peters,* 133 B.R. 291, 295 (S.D.N.Y. 1991), *aff'd* 964 F.2d 166 (2d Cir. 1992). It almost goes without saying that in all custody actions, the court's ultimate concern is the welfare of the child. *In re Jones,* 9 F.3d 878, 881 (10th Cir. 1993). It follows that fees awarded in custody actions are in the nature of support for purposes of Section 523(a)(5), absent exceptional circumstances to the contrary. *Id.* at 881-82. This principle is properly applied as a presumption that attorney fees incurred in legal proceedings related to custody or support of a child are in the nature of support. *In re Loehrs,* 2007 WL 188364 (Bankr.N.D.Okla.); *In re Ramirez,* 2000 WL 356314 (Bankr.N.D.Ill.). The presumption may be rebutted if the debtor proves the existence of exceptional circumstances that support a contrary conclusion. *Id.*

No evidence of any exceptional circumstances has been presented. Moreover, the civil action between JACOB and SHANAE concerned only the child. Often, in the context of a divorce judgment or a marital settlement agreement, in addition to addressing custody and support issues, the state court order divides marital property and allocates marital debts, leading to uncertainty as to whether an award of fees should be properly

4

characterized as maintenance or support or, instead, as a property settlement or debt allocation provision. Since JACOB and SHANAE were never married, that potential source of confusion is not in the picture.

Necessarily, therefore, Judge Braud's order does not deal with any issues such as property or debt allocation that have traditionally fallen within the scope of Section 523(a)(15).  Since the order deals only with the welfare of the child pertaining to custody, visitation, and financial and insurance coverage support, the presumption of nondischargeability is that much stronger.  As the sole focus of the state court proceeding was the child's welfare, it is difficult to imagine how the attorney fees incurred by SHANAE could not be considered to be in the nature of support for her and the child.  The second criterion is satisfied.

For the foregoing reasons, the Court determines that there is no genuine issue of material fact and NK&K is entitled to judgment as a matter of law.  The Motion will be granted and the debt determined nondischargeable. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  A separate Order will be entered.

###